**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21739-BLOOM**

KERBY SIMILIEN,

     Petitioner,

v.

WARDEN, FEDERAL DETENTION CENTER,
MIAMI, ICE MIAMI FIELD OFFICE DIRECTOR
TODD LYONS, Acting Director, ICE, KRISTI NOEM,
Secretary, DHS,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS AND EMERGENCY MOTION FOR IMMEDIATE RELEASE

**THIS CAUSE** is before the Court upon Petitioner Kerby Similien's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The Court ordered a response from the Respondents, the Warden of the Miami Federal Detention Center, the Miami ICE Field Officer Director, the Acting Director of ICE, and the Secretary of the Department of Homeland Security (together, "Respondents"). *See* ECF No. [4]. Petitioner also filed an Emergency Motion for Immediate Release ("Emergency Motion") requesting that Petitioner be immediately released from custody pending resolution of the Petition. ECF No. [3]. The Respondents filed a Response to the Petition and Emergency Motion, ECF No. [11], and Petitioner filed a Reply, ECF No. [12]. The Court has considered the Petition, the Emergency Motion, supporting and opposing submissions, the record in this case, applicable law, and is fully advised. For the reasons set forth below, the Petition is granted in part and denied in part. The

Emergency Motion is denied as moot.

## I.      FACTUAL BACKGROUND

Petitioner is a Haitian national who was admitted to the United States in 1997. ECF Nos. [1-3] at 5; [11] at 1. The parties dispute Petitioner's current immigration status. The parties agree Petitioner was granted asylee status. ECF Nos. [1] ¶ A; [11-2] at 1-2. Petitioner asserts he is a Lawful Permanent Resident ("LPR"). *See* ECF Nos. [1] ¶ A. Respondents state he is not an LPR, his status as an asylee was terminated, and he has remained in the United States longer than authorized. *See* ECF No. [11] at 1-2.[1]

On March 2, 2026, Petitioner was the primary target of an ICE operation and was arrested and taken into ICE custody. ECF No. [11-2]. He is currently detained at Miami Federal Detention Center ("FDC Miami"). ECF Nos. [1] at 2. On March 3, 2026, Petitioner was served with a Notice to Appear for removal proceedings pursuant to 8 U.S.C. § 1229a. ECF Nos. [11] at 2; [11-1]. Petitioner is charged as subject to removal under § 237(a)(1)(B) of the Immigration and Nationality Act for remaining in the United States for a time longer than permitted. *Id.* Petitioner filed this Petition on March 17, 2026, asserting his detention is unlawful because there is no

---

[1] Respondents state that Petitioner was admitted to the United States in 1997 as a refugee and was authorized to temporarily remain in the United States no longer than December 31, 1999. *Id.* Respondents submitted a form indicating United States Citizenship and Immigration Services (USCIS) granted Petitioner asylee status in 2011. *See* ECF No. [1-2] at 2. On October 31, 2018, USCIS issued a Notice of Intent to Terminate Asylum Status due to Petitioner's criminal history. ECF Nos. [11] at 1; [11-3]. Petitioner notes that Respondents have not provided evidence confirming his asylum status was, in fact, terminated. *See* ECF No. [12] at 2.

Petitioner states he is a Lawful Permanent Resident (LPR). ECF No. [1] ¶ A. He asserts his green card has expired but his status as an LPR has never been rescinded, revoked, or terminated. *Id.* Petitioner submits a USCIS receipt notice that he applied for a replacement green card in 2021, but he does not provide any confirmation that his application was approved. *See* ECF No. [1-3]. Respondents maintain that he is not an LPR. ECF No. [11] at 1. Respondents submit a document from USCIS stating that records do not indicate he is an LPR, and requesting Petitioner submit evidence of his LPR status. ECF No. [11-4]. The documents Respondents submitted also reflect Petitioner's 2021 application for a replacement green card was denied. ECF No. [11-2] at 2.

statutory basis for his detention. ECF No. [1]. Respondents state Petitioner is properly detained pending removal proceedings. ECF No. [11].

## II.      LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     DISCUSSION

At the outset, the Court finds it necessary to clarify the arguments made by the parties. Petitioner expressly argues that Petitioner's detention is unlawful because there is no statutory basis for his detention as he was detained without being charged with any criminal offense, he has no order of removal, and there are no pending removal proceedings. ECF No. [1] at 1. As such, Petitioner requests that the Court order his immediate release. ECF No. [1] at 3. Alternatively, Petitioner requests the Court order a prompt custody hearing. *Id.* In Response, Respondents argue Petitioner is detained without bond under 8 U.S.C. § 1225(b)(2)(A). ECF No. [11] at 2. Respondents assert that because USCIS terminated his asylum status on October 31, 2018, he is an applicant for admission subject to mandatory detention under § 1225(b)(2)(A) and the detention provisions of 8 U.S.C. § 1226 do not apply. *Id.* at 6-9. Petitioner's Reply includes inconsistent statements regarding the existence of proceedings. However, Petitioner does, at one point, recognize that removal proceedings have been initiated with the issuance of a Notice to Appear

and states that such proceedings implicate § 1226. ECF No. [12] at 2.[2] Petitioner's alternative requested relief is consistent with arguments that Petitioner is entitled to a custody hearing. *See* ECF No. [1] at 3. Accordingly, the Court acknowledges the parties' agreement that Petitioner is currently detained and in removal proceedings, but dispute whether Petitioner should be released or entitled to a bond hearing.

### A. Jurisdiction

Respondents argue the Court lacks jurisdiction to decide the Petition. Respondents assert that 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." ECF No. [11] at 10 (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* at 11. Respondents further argue this Court lacks jurisdiction because § 1252(a)(5) and § 1252(b)(9), in combination, establish that a petition for review before the appropriate court of appeals is the only proper means to challenge removal-related actions. *Id.* at 12-15. Petitioner asserts jurisdiction is proper under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. ECF No. [1]. Petitioner does not respond to Respondents' § 1252(g) or § 1252(b)(9) arguments. *See generally* ECF No. [12].

---

[2] The documents provided by Respondent, namely the Notice to Appear, ECF Nos. [11-1], and the Record of Deportable/Inadmissible Alien, ECF No. [11-2], demonstrate that proceedings have been initiated, which Petitioner acknowledges in his Reply. *See* ECF No. [12] at 2. However, Petitioner argues that proceedings were initiated after Petitioner filed his Petition. *Id.* Petitioner argues, "While this development may implicate 8 U.S.C. § 1226 moving forward, Respondents' belated initiation of removal proceedings does not cure the unlawful nature of Petitioner's prior detention, nor does it provide blanket authority for continued detention absent compliance with statutory and constitutional requirements." *Id.* Based on the records provided by Respondent, which Petitioner does not challenge, Petitioner was arrested on March 2, 2026, and was served with a Notice to Appear on March 3, 2026. *See* ECF Nos. [11-1]; [11-2]. Petitioner filed his Petition on March 17, 2026. *See* ECF No. [1]. Petitioner provides no argument or authority regarding one day elapsing between arrest and service of the Notice to Appear. As such, the Court does not address Petitioner's argument regarding a belated initiation of proceedings.

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *Barrios*, 2025 WL 2280485, at *4 (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Section 1252(a)(5) provides that a petition for review filed with a court of appeals is the "sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C. § 1252(a)(5). Additionally, § 1252(b)(9), prohibits judicial review of an order or questions of law or fact unless provided elsewhere in § 1252. 8 U.S.C. § 1252(b)(9). Known as the "zipper clause," § 1252(b)(9) intends to "consolidate judicial review of immigration proceedings into one action in the court of appeals." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 230 (2020) (internal quotation and citation omitted). The Eleventh Circuit is clear that § 1252(a)(5) and § 1252(b)(9) do not apply unless the petitioner is seeking review of an order of removal. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006) (finding that § 1252(a)(5) did not grant the court of appeals exclusive jurisdiction to hear petitioner's habeas petition when petitioner was contesting the

*existence* of a removal order and noting that "8 U.S.C. § 1252(b) is equally clear that subsection (b)(9) applies only '[w]ith respect to review of an order of removal.'").

Here, neither party claims there is an order of removal. Thus, § 1252(a)(5) and § 1252(b)(9) do not apply. Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents have initiated removal proceedings, Petitioner's arguments that he cannot be detained because he is an LPR and because he was not arrested for any criminal offense in effect challenge the commencement and adjudication of removal proceedings, which this Court lacks jurisdiction to review under § 1252(g). Where Respondents argue Petitioner is detained pursuant to § 1225(b) and Respondent invokes § 1226, Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts do have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### B.  Detention Pending Removal Proceedings

As relevant here, two statutes govern the detention of foreign nationals: 8 U.S.C. §§ 1225 and 1226. Respondents assert that Petitioner is an "applicant for admission" and is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A). ECF No. [11]. Petitioner, acknowledging that removal proceedings have commenced, asserts that § 1226 applies. ECF No. [12].

Section 1225 governs the inspection, detention, and removal of so-called "applicants for admission." *See* 8 U.S.C. § 1225 *et seq*. Pursuant to the statute, applicants for admission are defined as foreign nationals "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by

immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a)[3] provides that when a foreign national has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.

This Court and numerous other courts have rejected Respondents' argument that foreign nationals already in the country are "applicants for admission" and thus under the purview of §1225(b)'s mandatory detention.[4] Instead, the Supreme Court has treated foreign nationals who,

---

[3] 8 U.S.C. § 1226(c) requires the Attorney General to take certain categories of foreign nationals into custody pending a removal determination. Neither party argues § 1226(c) applies.

[4] The Fifth and Eighth Circuits have agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). However, those decisions are not binding on this Court. Numerous other courts have rejected Respondents' argument. For a small sample of such cases, see *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sep. 9, 2025); *Puga v. Assistant Field Office Dir.*, No. 25-cv-24535, 2025 WL 2938369, at *3-6 (S.D. Fla. Oct. 15, 2025); *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *7 (N.D. Ill. Oct. 24, 2025); *Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026); *Sanchez v. Noem*, No. 25-62677-CV, 2026 WL 222556, at *1 (S.D. Fla. Jan. 28, 2026); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *12 (E.D.N.Y. Oct. 6, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784 (E.D. Mich. 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025); *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *4-5 (S.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 1:25-CV-1131, 2025 WL 2992222, at *4–6 (W.D. Mich. Oct. 24, 2025); *Arias Lopez v. Hyde*, No. CV 25-12680-NMG, 2025 WL 3197806, at

like Petitioner, are already in the United States as being governed by § 1226(a). *See Jennings*, 583

U.S. at 297, 303 (stating that § 1225(b) "applies primarily to aliens seeking entry into the United

States" whereas § 1226 "applies to aliens already present in the United States"); *see also Leng

May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing foreign nationals "who have come to

our shores seeking admission" from "those who are within the United States after an entry,

irrespective of its legality.").

Here, Petitioner was admitted to the United States in 1997. He was arrested over 28 years

later in Orlando, Florida. *See* ECF Nos. [11] at 1; [11-2]. Petitioner is not an "applicant for

admission," and his detention is governed by § 1226(a). Thus, he is not lawfully held under 8

U.S.C. § 1225(b). Accordingly, the Court finds that Petitioner is detained in violation of the laws

of the United States pursuant to 8 U.S.C. § 2241.[5] Furthermore, the Court finds that Petitioner is

detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part**

   and **DENIED in part**.

2. Petitioner's Emergency Motion for Immediate Release, **ECF No. [3]**, is **DENIED** as

---

*1–2 (D. Mass. Oct. 24, 2025); *Aguilar Guerra v. Joyce*, No. 2:25-CV-00534-SDN, 2025 WL 2999042, at *1–3 (D. Me. Oct. 24, 2025); *Lomeu v. Soto*, No. 25CV16589 (EP), 2025 WL 2981296, at *4–9 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. CV 25-13004, 2025 WL 2985256, at *4–5 (D.N.J. Oct. 23, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *3–5 (M.D. Fla. Oct. 31, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[5] Petitioner raises other challenges to his detention. He argues that his detention violates due process and generally cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), to assert detention must bear a reasonable relation to the purpose of immigration detention. ECF No. [12] at 3. Petitioner incorrectly reiterates that he is detained without proceedings and argues that his continued detention without prompt process or justification violates due process. ECF No. [12] at 3. However, Petitioner makes no specific argument how his detention pending proceedings violates *Zadvydas*. Moreover, Petitioner has not submitted any argument or authority to establish that family hardship or that the conditions of confinement he describes make his detention unlawful to warrant habeas relief. *See generally* ECF Nos. [1]; [12].

moot.

3. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerous or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

4. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

5. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

6. The Clerk of Court shall **CLOSE** this case.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 2, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov